UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BE VAN NGUYEN                                          CIVIL ACTION

VERSUS                                                 NO. 07-6971

ATLANTIC CASUALTY INSURANCE COMPANY                    SECTION "F"

ORDER AND REASONS

Before the Court is Atlantic Casualty Insurance Company's motion for summary judgment. For the reasons that follow, the motion is DENIED.

Background

At the time of Hurricane Katrina, the plaintiff's grocery store in Chalmette was insured under a commercial insurance policy issued by Atlantic. The plaintiff's store was damaged during the storm, Atlantic denied his claim for insurance coverage, and this lawsuit followed. The plaintiff seeks relief under the insurance contract and penalties under Louisiana's bad faith statutes. Atlantic now moves for summary judgment, asserting that the plaintiff's alleged losses were caused by an excluded risk and he is not entitled to relief.

1

I.

Rule 56 instructs that summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The moving party bears the initial burden of informing the Court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. Topalian v. Ehrman, 954 F.2d 1125, 1132 (5th Cir.1992). It is not enough for the moving party to merely make a conclusory statement that the other party has no evidence to prove his case. Ashe v. Corley, 992 F.2d 540, 543 (5th Cir. 1993), citing Celotex Corp. v. Catrett, 477 U.S. 317, 328 (1986) (White, J., concurring). Before the non-moving party is required to produce evidence in opposition to the motion, the moving party must first satisfy its obligation of demonstrating the absence of factual issues warranting trial. See Commander v. BASF Wyandotte Corp., 978 F.2d 924, 927 n. 4 (5th Cir. 1992); Russ v. International Paper Co., 943 F.2d 589, 591-592 (5th Cir. 1991) ("[s]imply filing a summary judgment motion does not immediately compel the party opposing the motion to come forward with evidence demonstrating material issues of fact as to every element of its case.").

Atlantic has failed to meet its burden to show there are no

issues of fact for trial: It presents no interrogatories, affidavits, depositions, or other competent evidence to demonstrate that the plaintiff's alleged property damage was, in fact, caused by an excluded risk. Atlantic has attached only the insurance policy itself and submits that the plaintiff has not alleged the kind of property damage that would entitle him to relief under the terms of the contract. That is simply a misstatement. The plaintiff alleges that, as a result of Hurricane Katrina, his insured property "sustained significant and catastrophic damage from the extreme high winds, tornadic activity, and torrential rains." The plaintiff also claims that wind-driven rain "invaded the Plaintiff's property and created substantial water damage." Atlantic denies coverage for these alleged losses based primarily on the policy's exclusion for:

> [l]oss or damage to the interior of any building or structure, or the property inside the building or structure, caused by rain, snow, sand or dust, whether driven by wind or not, unless the building or structure first sustains wind or hail damage to its roof or walls through which the rain, snow, sand or dust enters.[1]

But it is clear from the pleadings that the plaintiff submits, and has alleged, that some of his property damage was caused by wind

---

[1] A separate policy provision excludes losses caused directly or indirectly by "[f]lood, surface water, waves, tides, tidal waves, overflow of any body of water, or their spray, all whether driven by wind or not," and regardless of "any other cause or event that contributes concurrently or in any sequence to the loss." To the extent that the plaintiff is alleging losses caused by flooding or surface water, the exclusion speaks for itself.

and tornado-like conditions. If true, it appears that Atlantic would be required to pay for at least some of the plaintiff's losses.

The record in this case is completely devoid of any evidence or information about what actually caused the plaintiff's property damage, and, therefore, summary judgment is wholly inappropriate. Further, accepting the well-pleaded allegations in the plaintiff's complaint as true, the Court cannot conclude that the plaintiff is not entitled to relief. See Ashe v. Corley, 992 F.2d 540, 544 (5th Cir. 1993) (motions for summary judgment that challenge only the sufficiency of the plaintiff's pleadings evaluated under 12(b)(6) standard). Accordingly,

   IT IS ORDERED: The defendant's motion is DENIED.


                              New Orleans, Louisiana, April 9, 2008.

                              _____
                                    MARTIN L. C. FELDMAN
                              UNITED STATES DISTRICT JUDGE